[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff Joseph Tarnowsky, brought a four count breach of contract and negligence action against the defendants, Peter Socci d/b/a Socci Landscaping (Socci) and Leggatt McCall Property Management of CT, Inc. (Leggatt). The plaintiff alleges the following pertinent facts: on or about March 14, 1997, the plaintiff was walking on the premises commonly known as People's Bank in Noroton Heights. He was walking near the exterior automated teller machine when he slipped and fell due to a dangerous and defective condition consisting of an accumulation of ice which caused him to suffer and sustain personal injuries and losses. In count three of his complaint, the plaintiff alleges that Leggatt had assumed an obligation to maintain the area near the exterior automated teller machine. The plaintiff alleges that Leggatt was negligent in that in the exercise of reasonable care it failed to remove snow or ice, as well as sprinkle sand, salt or other substances on the area, so that the area would be safe for public travel and for business invitees of the bank.
Leggatt moved for summary judgment as to count three of the plaintiffs amended complaint on the ground that the plaintiffs negligence claim is time barred pursuant to General Statutes § 52-584. Furthermore, Leggatt argues that if its summary judgment motion is determined in its favor, then summary judgment is appropriate on count three of Socci's August 9, 2000, apportionment complaint against Leggatt as the apportionment complaint is premised on the original action.[1] Count three of the apportionment complaint alleges that if the allegations contained in the underlying action are true, then Leggatt breached a duty of care and was a substantial factor in causing the injuries and damages alleged in the underlying complaint. CT Page 13989
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a mailer of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
Leggatt argues that the plaintiff discovered and sustained his injuries on March 14, 1997, but did not commence his action until March 16, 2000.[2] Leggatt concludes, therefore, that the plaintiffs negligence claim is time barred pursuant to General Statutes §52-584[3] since the plaintiff did not bring his claim within two years. The court finds that Leggatt has met its burden in demonstrating the absence of any genuine issue of material fact as to whether the plaintiffs action is time barred under General Statutes § 52-584 and therefore, that Leggatt is entitled to judgment as a mailer of law. See Appleton v. Board of Education, supra,254 Conn. 205.
The plaintiff, however, may rebut Leggatt's claim by providing the court with an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. See Appleton v. Board of Education, supra, 254 Conn. 205. In this case, the plaintiff argues that under the holding in Catz v. Rubenstein, 201 Conn. 39, 44, 513 A.2d 98 (1986), "[a] cause of action will not accrue until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by thedefendant's wrongful conduct." (Emphasis added; internal quotation marks omitted.) Id., 47. The plaintiff contends that the existence of a property manager, such as Leggatt, is not public information made available on land records or otherwise. The plaintiff argues that, in this case, Leggatt's name and role in the matter was not discovered by the plaintiff until the suit was commenced against the property owner. The plaintiff argues, therefore, that his negligence cause of action did not accrue until he discovered or reasonably should have discovered that Leggatt was an allegedly culpable defendant in this action. The plaintiff concludes therefore, that he commenced his action within the two year statute of limitations under General Statutes § 52-584. CT Page 13990
In Catz v. Rubenstein, supra, 201 Conn. 39, the decedent went to her physician in August of 1979, because of a lump in her breast and was told her mammogram was negative for cancer. After the decedent found a second lump, she went to another physician who, on May 1, 1980, performed surgery and diagnosed cancer. In April of 1982, a third physician told the decedent that the August of 1979 lump was related to her cancer. The plaintiffs, coexecutors of the decedent's estate, commenced suit against the first physician in June of 1982. See id., 40-42. The trial court granted summary judgment on the ground that the plaintiffs' suit was not brought within two years of May 1, 1980, under General Statutes §52-584. In reversing the trial court's judgment, the Connecticut Supreme Court held that the decedent "did not have an injury as contemplated by the statute until she discovered or in the exercise of reasonable care should have discovered a causal relationship between the [first physician's] allegedly negligent diagnosis of August, 1 979, and subsequent lack of treatment, and the metastasis of her cancer, which [the decedent] discovered on May 1, 1980." (Internal quotation marks omitted.) Id., 44. The Supreme Court found that it was only then that the decedent sustained actionable harm. Id. "A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence. . . . They are therefore necessary ingredients for actionable harm." (Citations omitted; internal quotation marks omitted.) Id.
In the present case, the court is unpersuaded, however. by the plaintiff's argument. The plaintiff has not met his burden by offering any affidavits or other documentation in support of his contention that the two year statute of limitations did not begin to run until the plaintiff discovered or reasonably could have discovered Leggatt's role in this matter. In fact, the court cannot even be sure, based on the plaintiffs theory, that the plaintiffs claim was commenced within the two year statute of limitations as the plaintiff does not provide the court with the date that he "discovered" Leggatt. The court finds that the plaintiff was required to bring his negligence cause of action against Leggatt within two years after discovering and sustaining his injuries and failed to do so. See also Falbel v. City of Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 17: 2233 (February 21, 2001, D'Andrea, J.) (court granted defendants' motion for summary judgment in part because plaintiff failed to supply court with any documentation or evidence which could be used to successfully refute defendants' assertion). Leggatt's motion for summary judgment as to count three of the plaintiffs amended complaint is granted.
Leggatt argues further that summary judgment is appropriate on count CT Page 13991 three of Socci's apportionment complaint against Leggatt pursuant to Connecticut General Statutes § 52-102b (b).[4] Count three of the apportionment complaint alleges that if the allegations contained in the underlying action are true, then Leggatt breached a duty of care and was a substantial factor in causing the injuries and damages alleged in the underlying complaint. The court finds that General Statutes § 52-102
(b) is inapplicable in this instance. This statute provides that if the original defendant has a statute of limitations defense against the plaintiff, then the apportionment defendant may use that same statute of limitations defense against the plaintiff if the plaintiff brings a claim directly against the apportionment defendant. The statute does not contemplate, as Leggatt would have the court believe, that the apportionment defendant may also use the original defendant's statute of limitations defense against the plaintiff, as a defense against theoriginal defendant regarding the apportionment defendant's possible liability to the original defendant. Therefore, in the present ease, Leggatt's potential liability in the action as to Socci is not automatically determined by the fact that the plaintiffs negligence claim against Leggatt is time barred.
Thus, the court finds that the third count of Socci's apportionment complaint must stand pursuant to General Statutes § 52-102b (a)[5]
as Socci properly served Leggatt with the apportionment complaint within one hundred and twenty days of the return date of the plaintiffs original complaint.[6] Leggatt's motion for summary judgment as to count three of the apportionment complaint is denied.
So Ordered.
 ___________________ D'ANDREA, J.T.R.